IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION



WOODMEN OF THE WORLD LIFE      }
INSURANCE SOCIETY,             }
                               }
    Plaintiff,                 }   CIVIL ACTION NO.
                               }
v.                             }   99-AR-0932-J
                               }
ROBERT MICHAEL COLE, et al.,   }
                               }
    Defendants.                }

## MEMORANDUM OPINION

During oral argument earlier today on defendants' motion to dismiss, the court shared with counsel for plaintiff and counsel for defendants its belief that the court lacks subject matter jurisdiction because of the holding in *Ericsson GE Mobile v. Motorola Communications,* 120 F.3d 216 (11th Cir. 1997), as recognized by this court in *Fidelity Warranty Svcs., Inc. v. Kidd,* ___ F.Supp.2d ___, 1999 WL 239928 (N.D. Ala.), a case identical to the instant case in all pertinent respects. After informing the parties of this court's intention to grant defendants' motion, plaintiff, Woodmen of the World Life Insurance Company, filed a supplementary submission and affidavit in an effort to distinguish its case from *Fidelity Warranty*.

Not only can subject matter jurisdiction not be conferred by waiver (meaning that defendants can take advantage of *Fidelity*

*Warranty*, if it applies, without specifically invoking it), but Woodmen of the World's belated affidavit does not provide any proof, much less substantial proof, that the difference between the cost of arbitration and the cost of proceeding in the state court will exceed $75,000. Woodmen of the World is talking about abstract or precedential value as distinguished from monetary or actual value. The mere fact, if it be a fact, as alleged in plaintiff's affidavit, that "the attorney's fees and costs that would be required to defend Cole's claims in a jury trial in Alabama State Court would, by themselves, exceed $75,000" does not mean that the said costs would be at least $75,000 more than the costs of an arbitration. In other words, the problem that inhered in *Fidelity Warranty*, has not been removed from the instant case by the affidavit.

    A separate appropriate order of dismissal will be entered.

    DONE this _4th_ day of June, 1999.

                                          WILLIAM M. ACKER, JR.
                                          UNITED STATES DISTRICT JUDGE